Samuel Curtis L. WHALEY, a/k/a Curtis
L. Whaley, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 9784.

United States Court of Appeals
Tenth Circuit.

May 13, 1968.

Paul H. Humann, Wichita, Kan., for appellant.

Guy L. Goodwin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before MARVIN JONES *, SETH and HICKEY, Circuit Judges.

SETH, Circuit Judge.

The appellant was charged with possession of a shotgun with an overall length of less than twenty-six inches which had been transferred in violation of 26 U.S. C. § 5851. On April 12, 1965, the appellant entered a plea of guilty to the charge in open court and in the presence of his counsel. Thereafter judgment was entered on the plea, appellant was released on bond, and the court ordered that a presentence investigation be made. Shortly following his release, the case was set down for further proceed-

---

* Senior Judge of the United States Court of Claims, Washington, D. C., sitting by designation.

ings but notices sent to the appellant by mail were returned, and he could not be located at the house where he had formerly resided. When he could not be found his bond was forfeited, and in June 1965 a fugitive warrant was issued.

The records show that the appellant was considered to be a fugitive until September 1967 when under the name of Samuel B. Whaley he filed a motion attacking the information to which he had entered his plea and revealing that he was a prisoner in the Kansas State Penitentiary. The United States District Court thereupon issued a writ of habeas corpus ad prosequendum ordering his appearance. Appellant appeared on September 29, 1967, pursuant to the writ and was thereupon sentenced. The appellant now appeals asserting two principal grounds. The first is that his sentencing was unreasonably delayed, and second that his constitutional right against self-incrimination had been violated.

The record shows that the trial court upon appellant's arraignment in April 1965 fully examined him as to the voluntary nature of his plea, his understanding of the crime, his right to a jury trial, and other related matters. The appellant at this initial plea admitted his guilt of the crime charged and his plea was accepted. Upon appellant's second apearance which was in 1967 in response to the writ of habeas corpus and prior to his sentencing, the court again reviewed with the appellant the previous examination relative to the entry of his plea of guilty. There was no doubt that the plea was voluntarily made after the appellant was fully advised as to his rights.

On this appeal the appellant contends that his constitutional privilege against self-incrimination is now a complete defense to the charges. In asserting this point, the appellant relies on Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, which concerned an offense under the same statute and wherein the Supreme Court held that upon a proper claim of the constitutional privi-

lege against self-incrimination a complete defense could arise to prosecution either for failure to register a firearm under 26 U.S.C. § 5841 or for possession of an unregistered firearm under 26 U.S.C. § 5851.

■ Appellant in his argument acknowledges that generally a failure to object during the course of the trial will preclude raising the question on appeal; however, he contends that the matter should be treated as plain error under Rule 52 of the Federal Rules of Criminal Procedure. The appellant further urges, in view of the apparent voluntary nature of his plea, that it did not extend as a waiver to the issue here concerned for the reason that it was not then known that it could have been a defense to the charge, and nothing else he did constituted a waiver.

Thus the issue before us is whether or not the appellant, who made no claim to protection against self-incrimination and who entered a voluntary plea of guilty in open court, may on appeal assert effectively the claim of privilege against self-incrimination.

In comparing this case to Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, it must be noticed that in Haynes the claim of privilege against self-incrimination was raised by motion, was denied, and the plea of guilty then entered. In the case at bar no constitutional or other privileges or defenses were raised prior to the plea of guilty or at any time in the trial court.

■ We notice that the Court in Haynes refers to the "proper claim" of privilege as a "defense" to the charge. The use of the term "proper claim" occurs in several places in the opinion. This must mean that in the circumstances present in Haynes, something affirmative was required to constitute a "proper claim of privilege." Thus we understand the Court to hold in Haynes that if there is a plea of guilty there must be a showing that a "proper claim of privilege" was made in order to constitute a defense to the charge. The Court there

found that such a claim had been made, and there really was no issue raised as to the quality or clarity of the claim. The Court also there stated that " * * there can be no suggestion here that petitioner has waived his privilege. * * " The Court uses the term "proper assertion" in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 where a trial was had, but it is not in the context as it appears in Haynes nor is it used in the same manner.

■ In the case before us there was a plea of guilty, but, as indicated above, there was no claim of privilege whatever. No mention was made of the matter at all in the trial court. Under Haynes we hold that this could not constitute a "proper claim." This is wholly aside from the question whether Haynes should be applied retroactively which we do not here reach.

The cases of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L. Ed.2d 889 and of Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, were decided at the same time as Haynes and also on the issue of self-incrimination. The Court in Grosso, where a plea of not guilty had been entered, stated that the failure to claim privilege as to two counts (it was expressly claimed as to others) was not an "effective waiver" of the privilege as to them, and that the record there was "barren of any evidence" on which a finding of waiver could be based. Thus the plea in Grosso, coupled with silence as to the privilege as to some counts, leads the Court to conclude that there was no waiver of the privilege. In Marchetti the Court refers to various implied or uninformed waivers considered in several of its cases there cited and concludes that the privilege was not waived by an inference of an antecedent choice by the accused as to the activities in which he would engage. Thus the Court has made it clear that the implied waivers it there considers, and others it has considered in the cited cases cannot be effective. The ineffectiveness of these implied waivers has also been considered by many other courts in a variety of situations. The opinions of the Supreme Court in Marchetti and Grosso, when taken with the decision in Haynes, lead to the conclusion that appellant's voluntary plea of guilty made with no claim whatever of the privilege is not such a prohibited implied waiver. Instead, under the facts before us the guilty plea of appellant is an affirmative acknowledgment that the claim is not to be made, and the record shows nothing else. The decision by the appellant to make the plea of guilty was a decision to perform what is the ultimate act of self-incrimination. The plea is thus an act directly related to, or part of, the right concerned, and as to it cannot be "silence." Thus the nature of this constitutional right is significant in relation to the need for a "proper claim" by appellant before or after a plea of guilty in order to constitute a defense.

The appellant cannot bring himself within Haynes, and relief on this ground must be denied.

■ Appellant further asserts that there was an unreasonable delay between the time of his plea and the time of sentencing. Appellant acknowledges that the mere passage of time will not of itself invalidate a sentence, and that the delay must have been purposeful and oppressive. It was so held in Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 and in Welsh v. United States, 348 F.2d 885 (6th Cir.). The appellant asserts that following his release upon bail and after his plea of guilty, he contacted the parole officers to inform them that he was moving and to give them a telephone number at which he could be reached. He also urges that his whereabouts should have been known to the federal authorities because for a time he was detained by the state authorities at the same jail where federal prisoners were kept and was thereafter incarcerated in the Kansas State Penitentiary. On the other hand, the record shows that the federal authorities when his case was called for sentencing sought to reach him by mail and thereafter his attorney sought unsuccessfully to find

him. The attorney's search included a visit to his former place of residence and inquiry there as to his whereabouts. The record shows that a definite and real effort was made by the authorities and by his attorney to locate him, and that the court gave adequate time for him to be located in order that he could appear for sentencing. He was promptly sentenced when his whereabouts became known. There is nothing whatever in the record to indicate that any delay was purposefully caused by the authorities and that the delay instead was caused entirely by the acts of the appellant.

Affirmed.