**Nick SCAGLIONE, Mario R. Encinosa, Delfin Guerra, Max Lemus, Lucy Lemus, Albert Alonzo, Charles Gomez and Paul L. Bustamante, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 23360.

United States Court of Appeals
Fifth Circuit.

June 11, 1968.

Henry Gonzalez, Harry M. Hobbs, Tampa, Fla., for appellants.

Edward F. Boardman, U. S. Atty., Charles S. Carrere, Robert B. McGowan, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before BROWN, Chief Judge, GEWIN and WRIGHT,* Circuit Judges.

PER CURIAM:

Appellants were convicted of willfully and unlawfully failing to register and pay the special tax imposed on persons engaged in the business of accepting wagers, as defined in 26 U.S.C.A. § 4421 (1) (C), (2), in violation of 26 U.S.C.A. §§ 4411, 4412, 4901(a) and 7203. Although a massive assault is made here on the convictions, only one point need be considered and then only briefly since it now has been authoritatively assured in the affirmative by the Supreme Court in Marchetti v. United States, 1968, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889. Do the requirements of the Federal Wagering Tax Stamp statutes violate the appellants' privilege against self-incrimination guaranteed by the Fifth Amendment? We reverse.

Appellants were allegedly engaged in accepting wagers in Florida. That State has a comprehensive statutory system of regulation and prohibition in this area, see Fla.Stats. 849.01–.46, F.S.A., and in fact makes the possession of a Federal Wagering Tax Stamp prima facie evidence of violation of Florida's gambling laws. Fla.Stat. 849.051, F.S.A. Thus it is apparent that the payment of the tax by Appellants would have presented "substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination." Marchetti v. United States, supra, 390 U.S. at 53, 88 S.Ct. at 705, 19 L.Ed. 2d at 901.

At oral argument counsel for the government admitted that if *Kahriger* [1] and *Lewis* [2] were overruled by the Supreme Court, the convictions must be reversed. The decision in *Marchetti* did just that, and we perceive nothing that takes this case outside the scope of the complete defense afforded by the decision.[3] Consequently the case must be reversed with

---

* Of the D.C. Circuit, sitting by designation.

1. United States v. Kahriger, 1953, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754.

2. Lewis v. United States, 1955, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475.

3. In this record there is not the least possible basis for even supposing that the government could show a knowing waiver of this subsequently recognized constitutional right. Under our power to dispose of cases "as may be just under the circumstances," 28 U.S.C.A. § 2106, in the interest of sound judicial considerations, and following the recent action in numerous of these cases we believe reversal of the convictions is the only proper course to follow "in order to obviate further and entirely unnecessary proceedings below." Grosso v. United States, 1968, 390 U.S. 62, 88 S.Ct. 709, 715, 19 L.Ed.2d 906, 914.

the usual directions to dismiss the indictment. See Boehm v. United States, 5 Cir., 1968, 392 F.2d 978; Leonard v. United States, 5 Cir., 1968, 392 F.2d 586; Motley v. United States, 5 Cir., 1968, 392 F.2d 590; Sklaroff v. United States, 5 Cir., 1968, 389 F.2d 1004.

Reversed.