**Kenneth Ray UPSHAW, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24177.**

United States Court of Appeals
Fifth Circuit.

Aug. 1, 1968.

Milton P. Masinter, New Orleans, La., for appellant.

John C. Ciolino, Asst. U. S. Atty., New Orleans, La., for appellee.

Before THORNBERRY, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

Kenneth Ray Upshaw was convicted on a three-count indictment after a jury trial for violation of the National Firearms Act, 26 U.S.C. § 5801 et seq. He has appealed his conviction and asserts its invalidity on the basis of the recent Supreme Court decision in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).

In reviewing the record of this conviction we are referred to prior proceedings in this case. Upshaw was first indicted for the identical offenses contained in the second indictment of which he was convicted. He plead guilty to Count 3 of the first indictment. On motion of the Government, Counts 1 and 2 were dismissed and he was sentenced under Count 3. Thereafter, Upshaw filed, pro se, a 28 U.S.C. § 2255 motion to vacate the sentence on the grounds that Count 3 of the indictment and his conviction were unconstitutional under our holding in Lovelace v. United States, 5 Cir., 1966, 357 F.2d 306. He was thereupon reindicted for the same offenses in a manner which conformed to the *Lovelace* ruling.[1] The district court then granted the Section 2255 motion, dismissed Count 3, and set aside the conviction under that count of the first indictment.

In the proceedings under the second indictment which are now before us for review, it does not appear that appellant claimed a violation of his Fifth Amendment privilege against self-incrimination. However, in his pro se Section 2255 motion, Upshaw had previously stated that "Section 5851 referred to in said Count Three is and was unconstitutional when merged to either Section 5841 or 5861 individually or collectively, in that it violated the petitioner's privilege against self-incrimination."

The United States Attorney has filed a motion to remand, stating:

"That in the interests of justice, the Government suggests that this Honorable Court remand the entire case to the United States District Court for the Eastern District of Louisiana in order that appellant may assert his Fifth Amendment right against self-incrimination and that the United States District Court be given the opportunity to pass on these questions as they relate to each of the counts contained in the indictment."

We do not intimate any view as to the outcome of such proceedings but believe that the interests of justice will best be served by having the district judge review the case in the light of all that has

[1]. Counts 1 and 2 of the first indictment (and in reverse order, Counts 2 and 1 of the second indictment) charge Upshaw with unlawful possession of a firearm without having paid the transfer tax as required by 26 U.S.C. § 5811 and without the firearm having been transferred in pursuance of a written order as required by 26 U.S.C. § 5814, both offenses being in violation of 26 U.S.C. §§ 5851 and 5861.

Count 3 of the first indictment, which contravened the *Lovelace* ruling, charged unlawful possession of a firearm, "which firearm had not been registered by the said KENNETH RAY UPSHAW with the Secretary of the Treasury, or his delegate, as required by Section 5841, Title 26 USC, in violation of 5851, Title 26 USC and Section 5861, Title 26 USC." Count 3 of the second indictment, drafted in conformity with *Lovelace*, charges Upshaw with unlawful possession of a firearm, "which firearm had not been registered * * *."

taken place since the time of the first indictment against Upshaw, especially in light of Haynes, supra, and including Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 716, 19 L.Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), insofar as they affect the ruling in Haynes with respect to claims or waivers of the Fifth Amendment privilege against self-incrimination.[2]

Remanded for proceedings not inconsistent herewith.

---

2. Cf. Scaglione v. United States, 5 Cir., 1968, 396 F.2d 219; Vouras v. United States, 5 Cir., 1968, 393 F.2d 936; Boehm v. United States, 5 Cir., 1968, 392 F.2d 978; Leonard v. United States, 5 Cir., 1968, 392 F.2d 586; Motley v. United States, 5 Cir., 1968, 392 F.2d 590; Whaley v. United States, 10 Cir., 1968, 394 F.2d 399.