**Richard Gordon BANNISTER, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. A. No. 68–416.**

United States District Court
W. D. Pennsylvania.

June 11, 1969.

---

Douglas D. Lambarth, Pittsburgh, Pa., for petitioner.

John H. Bingler, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for respondent.

OPINION AND ORDER

MARSH, District Judge.

Petitioner was convicted upon his plea of guilty to a two-count indictment charging him with violations of 26 U.S.C. § 4744(a) (2), transportation and concealment of marihuana acquired and obtained without his having paid the transfer tax imposed by 26 U.S.C. § 4741(a). He was sentenced on June 20, 1967, to imprisonment for two concurrent terms of three years.

This is a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Petitioner alleges that the above sentences were imposed in violation of the Constitution of the United States, and in particular in violation of petitioner's Fifth Amendment right not to be compelled in any criminal case to be a witness against himself.

That "a timely and proper assertion [by petitioner] of the privilege [against self-incrimination would] * * * have provided a complete defense to prosecution under § 4744(a) (2)" has recently been established by the Supreme Court of the United States in Leary v. United States, 395 U.S. 6, at p. 27, 89 S.Ct. 1532, 1543, 23 L.Ed.2d 57 (1969).

Petitioner, however, waived his constitutional defense by entering a plea of guilty. *Cf.* Whaley v. United States, 394 F.2d 399 (10th Cir. 1968); Masterson v. United States, 293 F.Supp. 787 (D.Del.1968).

Accordingly, we must deny the motion to vacate sentence.

An appropriate order will be entered.