**Kenneth E. GENTRY, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 49S02–9303–PC–308.

Supreme Court of Indiana.

March 8, 1993.

Kenneth E. Gentry, pro se.

Pamela Carter, Atty. Gen., for appellee.

SHEPARD, Chief Justice.

Appellant Kenneth Gentry filed a petition for post-conviction relief, and the Marion Superior Court denied it. He sought review in the Court of Appeals, but his efforts to perfect his appeal were delayed while he awaited preparation of the record. The Court of Appeals granted Gentry two extensions of time in which to file the record. When the second extension expired without the record being filed, the Court of Appeals dismissed the appeal. Gentry petitions for transfer.

From the exhibits which Gentry has attached to his pro se petition (motions and letters to the post-conviction court[1]) and from the Chronological Case Summary submitted pursuant to this Court's subsequent order under Ind.Appellate Rule 7.2(B), we are able to discern the following sequence of events leading to the dismissal of Gentry's appeal:

 a. July 26, 1991: Judge John R. Barney held a hearing on Gentry's petition for post-conviction relief and took the matter under advisement.

 b. October 18, 1991: The post-conviction court entered judgment against the petitioner.

 c. October 29, 1991: Acting pro se, Gentry filed a praecipe seeking a transcript of the post-conviction hearing. The motion was granted.

---

1. All the motions referred to in this opinion which Gentry filed pro se were hand-written and mailed from the State Reformatory at Pen-

dleton where the appellant is incarcerated. He has not had the assistance of counsel throughout his effort to pursue this appeal.

d. January 22, 1992: Gentry filed another "motion for transcript." The Chronological Case Summary generated by the post-conviction court shows a notation reading, "ALREADY PREPARED."

Two days later on January 24, 1992, the Court of Appeals granted Gentry's petition for an extension of time to file the record, extending the deadline to March 27, 1992. On March 3, 1992, Gentry sent another "Motion for Record of Proceedings of Post–Conviction Relief Hearings" to the post-conviction court, along with a letter to the court inquiring as to the whereabouts of the transcript. The Chronological Case Summary shows the court took that motion under advisement on March 4.

On March 23, 1992, the Court of Appeals granted a "final extension" to May 26, 1992. Gentry's final plea to the post-conviction court for the transcript came in a motion fashioned "Praecipe for Withdrawal of Submission," filed April 30, 1992, requesting that Judge Barney disqualify himself for failure to provide a transcript.

The May 26th deadline passed without Gentry filing the record as required. On June 10, 1992, therefore, the Court of Appeals dismissed the appeal. Gentry's petition to transfer contends that this was error. It was not. Indiana Appellate Rule 3(B) mandates that "the record of the proceedings must be filed with the clerk of the Supreme Court and Court of Appeals within ninety (90) days from the date the praecipe is filed." Moreover, the Court of Appeals conformed to Ind. Appellate Rule 14(E) and fixed a date to which the extension was granted. When the final such date expired, the Court of Appeals dismissed. Short of granting perpetual extensions, the court followed the only path available to it.[2]

Our decision to grant transfer and affirm the Court of Appeals does not mean, however, that Gentry loses his right to appeal despite not being responsible for the delays. It appears that court reporter Judy Hatfield did complete the transcript sometime in 1992. We therefore direct appellant Gentry to the "Belated Appeal" section of Ind. Post–Conviction Rule 2(3), which reads as follows:

Any defendant convicted after a trial may petition the appellate tribunal having jurisdiction by reason of the sentence imposed for permission to file a belated appeal where he filed a timely praecipe, but:

(a) no appeal was perfected for the defendant;

(b) the failure to perfect the appeal was not due to the fault of the defendant; and

(c) the defendant has been diligent in requesting permission to file a belated appeal.

Gentry timely filed the praecipe. His failure to perfect the appeal was apparently not his fault. He has been diligent in his effort to have his day in the appellate court. A petition for belated appeal should provide it to him.

We grant appellant's petition to transfer and affirm the order entered by the Court of Appeals.

DeBRULER, GIVAN, DICKSON and KRAHULIK, JJ., concur.

---

**2.** Appellant might have sought a writ in aid of appellate jurisdiction to compel completion of the transcript, but he did not do so.