129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kevin L. HITE, Petitioner-Appellant,
v.
Daniel R. McBRIDE, Respondent-Appellant.
 No. 96-1396.
 United States Court of Appeals, Seventh Circuit.
 Submitted October 28, 1997
Decided October 31, 1997.[1]
 
 Appeal from the United States District Court for the Northern District of Indiana, No. 3-95-CV-0440-AS; Allen Sharp, Judge.
 Before POSNER, Chief Judge and BAUER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Kevin L. Hite, an Indiana prisoner serving a 20-year term for a burglary conviction, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the district court summarily dismissed the petition.
 
 
 2
 The district court correctly found that Hite has procedurally defaulted the two issues he raises: Indiana's failure to sentence him within 30 days, and ineffective assistance of counsel at the sentencing stage for failure to challenge the long-postponed sentencing.
 
 
 3
 In regard to the procedural default, the record shows that in attempting to appeal from the denial of a state post-conviction motion for relief, Hite failed to comply with Indiana rules requiring the filing of the record of proceedings on appeal. See Indiana Rule of Appellate Procedure 7.2; Indiana Rule of Post-Conviction Procedure 1. After granting an extension of time, see Ind.R.App.P. 14(B), and setting a new deadline which Hite did not meet, the Indiana Court of Appeals dismissed the appeal on January 23, 1995. In the meantime, Hite had petitioned the Indiana Supreme Court for a writ of mandamus, but that also was summarily denied.
 
 
 4
 This failure to comply with state procedural rules prevents a federal court from reviewing the issues in a habeas corpus proceeding unless the petitioner can show cause and prejudice for the default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).
 
 
 5
 Hite argues only that he tried to get the proper records sent to the state appellate court, but the clerk failed to prepare them. The documents submitted by Hite, however, suggest the contrary. The records he has submitted indicate that the clerk forwarded to him the documents that he requested. It was his responsibility to then forward these to the Indiana Court of Appeals. See Gentry v. State, 609 N.E.2d 1092 (Ind.1993); Ind R.App. P. 3(b).
 
 
 6
 Hite maintains that the district court should have held an evidentiary hearing, and refers to the judge's comment in the final order that Hite was convicted in 1986 and "sentenced after a long and somewhat convoluted set of facts in 1991." That language, however, referred to Hite's disappearance between the entry of the guilty plea and the sentencing, for which Hite (who was free on bond) had failed to appear. The facts describing his five-year absence and recapture, even if characterized as long or convoluted, in no way complicate the straightforward procedural default upon which the district court based its dismissal of the habeas corpus petition. Hite offers nothing to suggest that an evidentiary hearing could have explained away his procedural default, a fatal hurdle in this case. See Resnover v. Pearson, 965 F.2d 1453, 1456 (7th Cir.1992).
 
 
 7
 Hite also argues that because the issues were complex, the district court should have appointed counsel to represent him. On the contrary, the procedural default issue is quite straightforward. Regardless, the court denied the motion on the basis that he did not adequately demonstrate diligent efforts to seek counsel on his own. Jackson v. County of Mclean, 953 F.2d 1070, 1073 (7th Cir.1992). We find no abuse of discretion in denying the request for appointment of counsel.
 
 
 8
 In any event, the substantive issues raised by the habeas corpus petition are both uncomplicated and unmeritorious The question of whether Hite's post-conviction counsel was ineffective for not challenging the delay is also not cognizable under federal habeas corpus law. See Pennsylvania v. Finley, 481 U.S. 551 (1987).
 
 
 9
 Hite also presents the unlikely argument that the state court had no jurisdiction to sentence him because five years had passed between the entry of his guilty plea and the sentencing, well beyond the 30-day limit required under Indiana law. As a state law issue, this claim is not cognizable in federal habeas corpus proceedings. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); DelVechhio v. Illinois Dept. of Corrections, 31 F.3d 1363, 1385 (7th Cir.1994) (en banc ). If Hite is raising a constitutional claim concerning the right to a speedy trial and its application to sentencing delays, see Pollard v. United States, 352 U.S. 354, 361 (1957), he would also fail, since he ignores the fact that the passing of the five years was solely due to his fleeing the jurisdiction while out on bond. The sentencing was delayed only until he was rearrested. See Whaley v. United States, 394 F.2d 399 (10th Cir.1968) (delay between time of plea and time of sentencing was not "purposeful and oppressive" where defendant, who was released on bail, had disappeared and federal authorities could not locate him), quoting Pollard at 361.
 
 
 10
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)