Walter GEORGE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0511–CR–673.

Court of Appeals of Indiana.

Oct. 31, 2006.

Publication Ordered Dec. 7, 2006.

Taffanee L. Keys, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Walter George belatedly appeals his sentence imposed following his plea of guilty to unlawful possession of a handgun by a serious violent felon as a class B felony, two counts of criminal recklessness as class D felonies, and being an habitual offender, and the State cross-appeals the trial court's order granting George's petition to file a belated notice of appeal.

We reverse in part and affirm in part.

### ISSUES

1. Whether the trial court's imposition of concurrent three-year sentences on his two criminal reckless convictions pursuant to George's plea agreement vi-

olated the prohibition against double jeopardy.

2. Whether there is a discrepancy between the trial court's oral sentencing statement, in which the trial court sentenced George to a total executed term of twenty years, and the Abstract of Judgment, which provides that George serve an executed term of twenty years.

## CROSS–APPEAL ISSUE

Whether the trial court abused its discretion by granting George's petition for permission to file a belated notice of appeal.

## FACTS

In April 2003, the State charged George with Count I, unlawful possession of a handgun by a serious violent felon as a class B felony; Count II carrying a handgun without a license as a class C felony; Count III, attempted battery as a class C felony; Count IV, criminal reckless as a class D felony; Count V, criminal reckless as a class D felony; Count VI, battery as a class C felony; and Count VII, residential entry as a class D felony. The State also alleged that George was an habitual offender.

In June 2003, George entered into a plea agreement, in which he agreed to plead guilty to Counts I, IV, and V and to being an habitual offender in exchange for the State's dismissal of the remaining charges.[1] The plea agreement also placed a cap of twelve years executed on the sentence for Count I; set his enhancement for his habitual offender status at ten years; set his sentences for Counts IV and V at three years each; and provided that his sentences on Counts I, IV, and V be served concurrently. Thereafter, George pleaded guilty, and the trial court accepted George's guilty plea.

On August 6, 2003, the trial court held a sentencing hearing during which it sentenced George to ten years on Count I enhanced by ten years for his habitual offender status and to three years each on Counts IV and V, and the court ordered that the sentences in Counts I, IV, and V be served concurrently.[2] Thus, the trial court sentenced George to an aggregate term of twenty years. The Abstract of Judgment also reflects that George was sentenced to a total term of twenty years.

On August 27, 2003, George filed a motion to correct error and alleged "double jeopardy and double enhancement," and the trial court denied George's motion on September 2, 2003. (App. 99). On September 4, 2003, George filed a notice of appeal and began an appeal to this court. On November 17, 2003, we dismissed George's direct appeal following his failure to timely file an Appellant's Brief and failure to timely request an extension of time to file his brief.

On April 8, 2004, George, pro se, filed a petition for post-conviction relief, and the State filed its answer on April 26, 2004. The trial court then appointed the State Public Defender's Office to represent George. On October 25, 2004, the State Public Defender's Office filed a motion to withdraw based on George's desire to pro-

---

1. In Count IV, George was charged with criminal reckless for firing a handgun at Lorraine Patterson, and in Count V, he was charged with criminal reckless for firing a handgun at Antonio Patterson.

2. George cites to a portion of the sentencing transcript where the trial court stated that the sentences on Counts I, IV, and V would be "consecutive" but fails to cite to the transcript where the trial court immediately corrected itself and stated that the sentences would be "concurrent." (Appellant's Br. 2–3, 8; Tr. 105–106).

ceed pro se with his post-conviction petition.

On November 8, 2004, George, pro se, then filed a motion to correct erroneous sentence, which the trial court denied. On January 27, 2005, George, pro se, filed a motion to withdraw his petition for post-conviction relief without prejudice, and the trial court granted his motion.

Following a request by George, the trial court appointed the Marion County Public Defender's Office to represent him. On November 16, 2005, George filed a "Verified Motion in Support of Right to Appeal, Requesting This Court to Reconsider its Denial of Permission to File a Belated Notice of Appeal Pursuant to Rule PC(2)." (App. 218). In his petition, George admitted that he had filed a timely notice of appeal following sentencing and that his direct appeal had been dismissed due to his failure to file an appellant's brief. George claimed that *Collins v. State*, 817 N.E.2d 230 (Ind.2004) provided him with "the right to appeal his sentence in this case" and claimed that he should be allowed to file a belated notice of appeal because "he did not know what he was doing" and that he "fell victim to his own shortcomings as a pro se litigant." (App. 219). On November 22, 2005,[3] the trial court granted George's motion without holding a hearing and without giving the State an opportunity to respond. George then filed his notice of appeal on November 23, 2005.

## DECISION

■ We first address the State's cross-appeal issue because if it has merit, it would be dispositive of George's claims. The issue is whether the trial court abused its discretion by granting George's petition for permission to file a belated notice of appeal.[4]

Indiana Post–Conviction Rule 2, Section 1 permits a defendant to seek permission to file a belated notice of appeal and provides:

> Where an eligible defendant convicted after a trial or plea of guilty *fails to file a timely notice of appeal*, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court, where:
>
> (a) *the failure to file a timely notice of appeal* was not due to the fault of the defendant; and
>
> (b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.
>
> The trial court shall consider the above factors in ruling on the petition. Any hearing on the granting of a peti-

3. The chronological case summary (CCS) indicates that the trial court granted George's motion on November 22, 2005, while a handwritten notation on George's motion indicates that the trial court granted the motion on November 21, 2005. We will refer to the date indicated in the CCS.

4. George contends that the State has waived any argument that the trial court erroneously granted him permission to file a belated notice of appeal because it did not file any responsive pleading with the trial court objecting to George's petition. We disagree. Recently, in *Beatty v. State*, 854 N.E.2d 406, 410 (Ind.Ct.App.2006), we held that "the

State is authorized to [cross] appeal from an order granting a defendant's petition to file a belated notice of appeal" and concluded that the State had not waived its argument challenging the grant of permission to file the belated notice of appeal where the trial court granted the defendant's petition only five days after it had been filed and before the State had an opportunity to file a written response. Here, the trial court did not hold a hearing on George's petition for permission to file a belated notice of appeal, and similar to *Beatty*, the trial court granted George's petition six days after George filed it. Thus, we conclude that the State has not waived its argument.

tion for permission to file a belated notice of appeal shall be conducted according to Section 5, Rule P.C. 1.

If the trial court finds grounds, it shall permit the defendant to file the belated notice of appeal, which notice of appeal shall be treated for all purposes as if filed within the prescribed period.

If the trial court finds no grounds for permitting the filing of a belated notice of appeal, the defendant may appeal such denial by filing a notice of appeal within thirty (30) days of said denial.

(Emphases added).

On cross-appeal, the State argues that the trial court abused its discretion by granting George permission to file a belated notice of appeal because George was "clearly ineligible for relief under Indiana Post–Conviction Rule 2(1)" given the fact that he had filed a timely notice of appeal. (Appellee's Br. 9–10). We agree.

Generally, the decision of whether to grant or deny a petition for permission to file a belated notice of appeal is a matter within the discretion of the trial court. *Townsend v. State*, 843 N.E.2d 972, 974 (Ind.Ct.App.2006), *trans. denied.* However, where the trial court did not conduct a hearing on the motion and where the allegations contained in the motion itself provide the only basis in support of a motion, we review the decision de novo. *Id.* (citing *Baysinger v. State*, 835 N.E.2d 223, 224 (Ind.Ct.App.2005)).

The record reveals that George was sentenced on August 6, 2003. On August 27, 2003, he filed a motion to correct error, which the trial court denied on September 2, 2003. Then, on September 4, 2003, George filed a notice of appeal and began an appeal to this court. However, George failed to timely file an Appellant's Brief and failed to timely request an extension of time to file his brief; thus, we dismissed his direct appeal on November 17, 2003. George later filed a petition for post-conviction relief, which the trial court later allowed him to withdraw without prejudice. Then, on November 16, 2005, George filed his petition for permission to file a belated appeal pursuant to Indiana Post–Conviction Rule 2, Section 1.

Here, the plain language of Indiana Post–Conviction Rule 2, Section 1 indicates that it applies only to defendants who have "fail[ed] to file a timely notice of appeal" and provides a means for those defendants to seek permission to file a belated notice of appeal. Because George filed a timely notice of appeal, he was not entitled to use Indiana Post–Conviction Rule 2, Section 1 as a means to get a second bite at the apple and file an additional notice of appeal. Thus, the trial court erred by granting George's petition for permission to file a belated notice of appeal. Accordingly, we reverse the trial court's grant of permission to file a belated notice of appeal under Post–Conviction Rule 2, Section 1.

However, our decision to reverse the trial court's grant of permission to file a belated notice of appeal does not mean that George loses his right to appeal his sentence. Because George had previously filed a timely notice of appeal, the proper course of action in this case would have been for him to pursue a belated appeal under Post–Conviction Rule 2, Section 3, which provides:

Any eligible defendant convicted after a trial or plea of guilty may petition the appellate tribunal having jurisdiction by reason of the sentence imposed for permission to pursue a belated appeal of the conviction where he *filed a timely notice of appeal*, but:

(a) no appeal was perfected for the defendant or *the appeal was dis-*

*missed for failing to take a necessary step to pursue the appeal;*

(b) the failure to perfect the appeal or take the necessary step was not due to the fault of the defendant; and

(c) the defendant has been diligent in requesting permission to pursue a belated appeal.

(Emphases added). *See Gentry v. State,* 609 N.E.2d 1092, 1093 (Ind.1993) (noting that the defendant that had filed a timely praecipe should seek permission to file a belated appeal under Post–Conviction Rule 2(3)). Thus, George's petition for permission to file a belated appeal should have been filed with this court. In the interest of judicial economy and our preference to decide cases on the merits, we will exercise our discretion by granting George's petition to file a belated appeal under Post–Conviction Rule 2, Section 3 and will address the merits of his sentencing arguments.[5] *See Hopkins v. State,* 782 N.E.2d 988, 991 (Ind.2003) (proceeding to the merits of the defendant's argument in the interest of judicial economy).

■ George first argues that the trial court erred by failing to merge Counts IV and V—the two class D criminal recklessness convictions—at sentencing and that such failure to merge constituted double jeopardy. However, as the Indiana Supreme Court has explained, "[D]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy." *Lee v. State,* 816 N.E.2d 35, 40 (Ind.2004) (citation omitted). Thus, George gave up any double jeopardy claim by pleading guilty. *See id.; Games v. State,* 743 N.E.2d 1132, 1135 (Ind.2001) (holding that the defendant who pleaded guilty had waived his claim of double jeopardy).

■ Furthermore, even if George had not waived his double jeopardy argument, such argument would fail because his two criminal recklessness convictions involved separate victims. *See, e.g., Bald v. State,* 766 N.E.2d 1170, 1172 n. 4 (Ind.2002) (noting that convictions that arise from a situation "where separate victims are involved" do not constitute double jeopardy); *Patton v. State,* 837 N.E.2d 576, 582 (Ind.Ct.App. 2005) (holding that the defendant's separate convictions and punishments on two counts of criminal recklessness where the defendant inflicted serious bodily injury on two victims by means of dangerous weapon did not violate the state constitutional prohibition against double jeopardy).

George also argues that the trial court erred by varying its Abstract of Judgment contrary to the court's sentencing statement. During the sentencing hearing, the trial court sentenced George to ten years on Count I enhanced by ten years for his habitual offender status, sentenced George to three years each on Counts IV and V, and ordered that the sentences in Counts I, IV, and V be served concurrently. Thus, the trial court sentenced George to an aggregate term of twenty years. The

---

5. We note that the docket from George's prior attempt to appeal his sentence (cause number 49A02–0309–CR–785) reveals that on November 17, 2003, we dismissed George's appeal because George had failed to timely file an Appellant's Brief and failed to timely request an extension of time to file his brief within thirty days after the notice of completion of the clerk's record, transcript not requested, was filed. *See* Ind. Appellate Rule 45(B)(1).

However, the trial court clerk filed a notice of completion of transcript on November 13, 2003, but the notice was not recorded by our court until after we issued our order dismissing George's appeal. Concluding that George's failure to take the necessary step was not George's fault and that he has been diligent in having his day in the appellate court, we, therefore, grant him permission to pursue a belated appeal.

Abstract of Judgment also reflects that George was sentenced to a total term of twenty years and indicates that George's "sentence [was] enhanced by 10 years on Count 1 due to [George] being a habitual offender." (App. 33). Thus, there is no discrepancy between the trial court's oral sentencing statement and the Abstract of Judgment.

In summary, we reverse the trial court's order granting George's petition for permission to file a belated notice of appeal under Indiana Post–Conviction Rule 2, Section 1; grant George permission to file a belated appeal under Post–Conviction Rule 2, Section 3; and affirm the trial court's imposition of a twenty-year sentence.

Reversed in part and affirmed in part.

FRIEDLANDER, J., and VAIDIK, J., concur.

### ORDER

On October 31, 2006, this Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellee, by counsel, has filed a Motion for Publication of Memorandum Decision. The Appellee states that this Court's October 31st opinion clarifies the law concerning belated notices of appeal, and that it explains the distinction between Indiana Post–Conviction Rule 2, Section 1 and Indiana Post–Conviction Rule 2, Section 3. The Appellee asks this court to order its decision published.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellee's Motion for Publication of Memorandum Decision is GRANTED, and this Court's opinion heretofore handed down in this cause on October 31, 2006, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

All Panel Judges Concur.