## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 15 2019, 8:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jon J. Olinger
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Timothy Strowmatt,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 15, 2019

Court of Appeals Case No.
18A-CR-519

Appeal from the St. Joseph
Superior Court

The Honorable Jerome Frese,
Judge

Trial Court Cause No.
71D02-0404-FC-119

**Baker, Judge.**

[1] Timothy Strowmatt appeals the trial court's denial of his petition for permission to file a belated notice of appeal, arguing that the trial court erred by not following Indiana Post-Conviction Rule 2(1)(a). Finding no error, we affirm.

[2] On December 13, 2004, the trial court found Strowmatt guilty of two counts of attempted criminal confinement and determined that he was an habitual offender. On January 5, 2005, the trial court sentenced Strowmatt to twenty-eight years in the Department of Correction. Thereafter, Strowmatt timely appealed his sentence, which we affirmed on September 9, 2005. *See Strowmatt v. State*, Cause No. 71A03-0501-CR-22 (Ind. Ct. App. Sept. 9, 2005). Our Supreme Court denied transfer.

[3] Then, on February 8, 2006, Strowmatt filed a petition for post-conviction relief, arguing that he received the ineffective assistance of appellate counsel. The post-conviction court denied his petition on September 11, 2009. Strowmatt then appealed the post-conviction court's ruling, which we likewise affirmed. *See Strowmatt v. State*, Cause No. 71A05-0910-PC-587 (Ind. Ct. App. June 18, 2010). Once again, our Supreme Court denied transfer.

[4] Next, Strowmatt filed a federal petition for writ of habeas corpus, which the district court denied. *See Strowmatt v. Superintendent*, Cause No. 3:11-cv-003 (N.D. Ind. Sept. 26, 2011). On February 7, 2012, Strowmatt filed a petition for writ of habeas corpus in the Henry Circuit Court, which was ultimately transferred to the St. Joseph Superior Court. The trial court there denied his petition, ruling that it was simply an additional petition for post-conviction

relief. This Court affirmed that decision. *See Strowmatt v. State*, Cause No. 71A03-1402-PC-70 (Ind. Ct. App. July 21, 2014). Thereafter, Strowmatt filed numerous other motions to correct error and to reconsider sentencing along with petitions for transfer and removal, all of which were denied.

[5] Finally, on February 5, 2018, Strowmatt filed a verified petition for permission to file a belated notice of appeal to challenge his original sentence. In that petition, Strowmatt admitted that he had filed a timely notice of appeal after his January 5, 2005, sentencing hearing, but argued that his appellate counsel had failed to raise sentencing errors during his direct appeal. The trial court denied his petition, and Strowmatt now appeals.

[6] "[T]he decision of whether to grant or deny a petition for permission to file a belated notice of appeal is a matter within the discretion of the trial court." *George v. State*, 862 N.E.2d 260, 264 (Ind. Ct. App. 2006). However, where the trial did not conduct a hearing on the motion and where the allegations contained in the motion itself provide the only basis in support of a motion, we review the decision de novo. *Id.*

[7] Indiana Post-Conviction Rule 2(1)(a) states, in pertinent part, the following:

> (a) Required Showings. An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
>
> > (1) *the defendant failed to file a timely notice of appeal*;

> (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

(Emphasis added).

[8] Thus, in order to receive permission to file a belated notice of appeal, the defendant must show, at a minimum, that he failed to file a timely notice of appeal. In his verified petition, Strowmatt admitted that he had filed a timely notice of appeal after his January 5, 2005, sentencing hearing. Indeed, this Court considered and ruled on Strowmatt's appeal on the merits. Therefore, Strowmatt has not met the threshold showing to prove that he was entitled to file a belated notice of appeal. And, given the long procedural history of Strowmatt's case, this petition seems to be nothing more than an attempt by Strowmatt to have another bite at the litigation apple. In sum, the trial court did not err.

[9] The judgment of the trial court is affirmed.

Najam, J., and Robb, J., concur.