**Edward M. HOPKINS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 49S02–0302–CR–54.

Supreme Court of Indiana.

Feb. 10, 2003.

Ann M. Sutton, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## ON PETITION FOR TRANSFER

SULLIVAN, Justice.

Defendant Edward Hopkins was convicted as an accomplice to his brother Anthony's attempted murder of a woman. The brothers were tried together but appealed their convictions separately. In Anthony's appeal, we found that the jury had not been properly instructed on the intent necessary to convict a defendant in these circumstances. However, we find that Defendant's specific intent to kill was sufficiently clear that notwithstanding the erroneous instruction, his conviction should be affirmed.

### Background

Edward Hopkins ("Defendant") was tried together with his brother, Anthony Hopkins ("Anthony"), and both were convicted on two counts of Attempted Murder, two counts of Robbery, two counts of Criminal Confinement, and Carrying a

Handgun without a License. Anthony was also found to be a habitual offender and this additional adjudication caused the brothers' appeals to take different tracks.

Under the appellate jurisdictional rules in effect at the time, the appeal from a conviction with respect to which a sentence of more than 50 years was imposed on any one count was taken directly to the Supreme Court. However, if the longest sentence imposed on any one count was 50 years or less, the appeal was taken to the Court of Appeals. *See* Ind. Appellate Rule 4(A)(7) & 4(B) (2000).

The longest sentence on any one count imposed on Defendant was 50 years (for each of the attempted murder counts). His appeal, therefore, was to the Court of Appeals. But Anthony received a 70–year sentence on one of the attempted murder counts as a consequence of the 20–year habitual offender enhancement. His appeal, therefore, was to this court.

In a nutshell, the Court of Appeals affirmed both of Defendant's attempted murder convictions but remanded the case to the trial court for resolution of another issue. *Hopkins v. State*, 747 N.E.2d 598 (Ind.Ct.App.2001), *transfer denied*, 761 N.E.2d 412 (Ind.2001) (table). Meanwhile, our court reversed one of Anthony's attempted murder convictions. *Hopkins v. State*, 759 N.E.2d 633 (Ind.2001). After the trial court resolved the issue on remand, Defendant again appealed to the Court of Appeals asking that one of his attempted murder convictions be reversed for the same reason that this court reversed one of Anthony's attempted murder convictions.

The Court of Appeals rejected this request. It held that it had previously addressed and rejected exactly the same claim in Defendant's first trip to the Court of Appeals and that its earlier holding was the "law of the case," not subject to being revisited. *Hopkins v. State*, 769 N.E.2d 702 (Ind.Ct.App.2002). Defendant now makes the same request of our court by means of a petition to transfer.

### Discussion

■ Defendant seeks transfer, challenging the conclusion of the Court of Appeals that the "law of the case" doctrine bars reconsideration of the viability of one of his attempted murder convictions. The law of the case doctrine mandates that an appellate court's determination of a legal issue binds the trial court and ordinarily restricts the court on appeal in any subsequent appeal involving the same case and relevantly similar facts. *State v. Huffman*, 643 N.E.2d 899, 901 (Ind.1994). *Huffman* acknowledged, however, that "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work manifest injustice.' " *Id.* (citation omitted).

■ Defendant asks that an exception be made to the law of the case doctrine here because the initial decision was clearly erroneous and would work manifest injustice. The Court of Appeals expressed sympathy for Defendant's position but ultimately rejected it:

> This may be a valid claim. However, this court is not the correct forum to hear that issue at this time.... [Defendant] would be entitled to a review of this issue in this court upon a denial of a post-conviction petition by the post-conviction court. Until that time, the issue of instructional error must be barred from further review by the doctrine of law of the case.

*Hopkins*, 769 N.E.2d at 706.

We agree with the Court of Appeals that the law of the case doctrine bars Defen-

dant's claim. Given our familiarity with the facts of this case, we nonetheless proceed to the merits in the interest of judicial economy as we find that Defendant would not be entitled to relief on this claim in a post-conviction proceeding.

■ Defendant's substantive claim is that one of his two convictions for attempted murder must be reversed due to fundamental error in the way the jury was instructed on attempted murder. As authority, he points to the fact that our court reversed one of Anthony's convictions for attempted murder due to fundamental error in the way the jury was instructed on attempted murder. *Hopkins*, 759 N.E.2d at 639. The instruction failed to inform the jury that to convict on the charge of attempted murder, it was required to find beyond a reasonable doubt that Defendant possessed the specific intent to kill the alleged victim. *Id.* at 637 (citing *Bethel v. State*, 730 N.E.2d 1242, 1246 (Ind.2000)). As the trial court used the same attempted murder instruction for Defendant that we found erroneous in Anthony's situation, we agree with Defendant that the trial court erred in instructing the jury in his situation as well.

■ But Defendant's claim is one of fundamental error—error so egregious that reversal of a criminal conviction is required even if no objection to the error is registered at trial. For error to be "fundamental," prejudice to the defendant is required. *Wrinkles v. State*, 690 N.E.2d 1156, 1171 (Ind.1997) ("A claim of fundamental error is not viable absent a showing of grave peril and the possible effect on the jury's decision," quoting *Isom v. State*, 651 N.E.2d 1151, 1152 (Ind.1995)).

A review of the facts of this case demonstrates that Anthony suffered prejudice as a result of the erroneous jury instruction but Defendant did not.

Defendant and Anthony confined a man named Martinez and a woman named McCarty in a basement. Anthony then went upstairs to look for drugs. While Anthony was upstairs, Defendant shot Martinez at close range. Anthony then returned and shot McCarty at short range. Both Martinez and McCarty pretended to be dead but both survived.

Defendant was charged with the attempted murder of each of Martinez (where he was the actual shooter) and of McCarty (where Anthony was the actual shooter). Anthony was charged with the attempted murder of each of Martinez (where Defendant was the actual shooter) and of McCarty (where Anthony was the actual shooter). That is, the attempted murder charge against Defendant with respect to McCarty and against Anthony with respect to Martinez were each premised on an accomplice liability theory— with respect to those shootings, they were not the actual shooters. In Anthony's situation, we found that because Anthony was upstairs when Defendant shot Martinez, it was simply too attenuated to say that Anthony was an accomplice to the attempted murder of Martinez without the jury having been instructed that it was required to find beyond a reasonable doubt that Anthony possessed the specific intent to kill Martinez. *Hopkins*, 759 N.E.2d 633. Defendant's situation is entirely different. When Anthony shot McCarty, Defendant was in the room with him and Defendant had already shot Martinez, who appeared to be dead. In this circumstance, the evidence of Defendant's specific intent that McCarty be killed is sufficient to conclude that Defendant suffered no prejudice from the failure of the trial court to instruct the jury that it was required to find beyond a reasonable doubt that Defendant possessed the specific intent to kill McCarty.

We hold that Defendant did not suffer the prejudice necessary to sustain a claim of fundamental error.

## Conclusion

We grant transfer pursuant to Ind. Appellate Rule 58(A) and affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON and BOEHM, JJ., concur.

RUCKER, J., concurs with separate opinion.

RUCKER, Justice, concurring in result.

I agree that the judgment of the trial court should be affirmed. However that is so only because of the state of the record before us. Otherwise, it appears to me the same analyses that resulted in the reversal of Anthony Hopkins' conviction for the attempted murder of Martinez compel the same result for Edward Hopkins' conviction for the attempted murder of McCarty.

As in Anthony's case, here the trial court failed to instruct the jury on the specific intent necessary to establish accomplice liability for attempted murder. Similarly, as with the case of Anthony, here the instructions did not inform the jury that in order to convict it was required to find . that defendant Edward Hopkins intended to kill McCarty when he took the steps that helped Anthony attempt to kill McCarty. Also as in Anthony's case, here defendant Edward Hopkins did not object to the trial court's instructions, nor did he tender his own correct instructions.

In the case of Anthony, this court found that the failure of the trial court to instruct the jury regarding specific intent was fundamental error. Here, however, the majority distinguishes the two cases on the following grounds:

In Anthony's situation, we found that because Anthony was upstairs when Defendant shot Martinez, it was simply too attenuated to say that Anthony was an accomplice to the attempted murder of Martinez without the jury having been instructed that it was required to find beyond a reasonable doubt that Anthony possessed the specific intent to kill Martinez. . . . Defendant's situation is entirely different.

Op. at 991 (citation omitted). It is true that Edward Hopkins shot Martinez while Anthony was upstairs searching for drugs and money. However, that was not the basis on which this court reversed Anthony's attempted murder conviction. Rather, we identified those instances in which this court has either found or not found the existence of fundamental error where trial courts have erroneously instructed juries on the elements of attempted murder. *Hopkins v. State,* 759 N.E.2d 633, 638 (Ind.2001). And we noted specifically the importance of whether a defendant's "intent" was at issue. *See id.* (quoting *Swallows v. State,* 674 N.E.2d 1317, 1318 (Ind. 1996) for the proposition that the trial court did not commit fundamental error where the defense relied on identity and "the intent of the Defendant was not in issue"). We acknowledged as a fact that Anthony's "intent to kill Martinez was clearly at issue." *Id.* Accordingly we said: "[B]ecause Defendant's intent to kill Martinez was squarely at issue and because the jury was not properly instructed that it was required to find beyond a reasonable doubt that Defendant possessed the specific intent to kill Martinez, we are unable to affirm the trial court's judgment on this count." *Id.* at 639.

If Edward Hopkins' intent was an issue at trial, then Edward Hopkins is entitled to a reversal of the attempted murder conviction for the same reasons that his co-defendant brother was entitled to reversal.

The problem in this case, however, is that neither in his brief before the Court of Appeals, nor in his transfer brief before this Court, does Edward Hopkins mention anything at all about his intent with respect to McCarty or whether his intent was an issue at trial. Instead, he merely complains that the same flawed instruction that resulted in Anthony receiving relief entitles him to relief as well. That is not enough. Perhaps Edward Hopkins can support his claim through post-conviction proceedings by establishing the necessary factual record. On this record however he is entitled to no relief. Therefore, I agree that the judgment of the trial court should be affirmed and thus concur in the result reached by the majority.