**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DANIELLE L. GREGORY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 14 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

IMANI SCOTT,                                     )
                                                 )
    Appellant-Defendant,                         )
                                                 )
        vs.                                   )    No. 49A05-1108-CR-429
                                                 )
STATE OF INDIANA,                                )
                                                 )
    Appellee-Plaintiff.                          )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
The Honorable Jeffrey L. Marchal, Commissioner
Cause No. 49G06-1101-FB-7

**March 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Imani Scott appeals from the sentence imposed following his conviction of Class B felony Robbery.[1]  Scott contends that his sentence represents an impermissible punishment for exercising his right to trial by jury.  We affirm.

### FACTS AND PROCEDURAL HISTORY

At some point on December 31, 2010, Defabian Shannon, Scott, and three juveniles devised a plan to rob Marion Evans.  The plan was to take Evans's money by "jump[ing] him[.]"  Tr. p. 81.  Shannon and Scott encountered Evans at 56th Street and Georgetown Road in Indianapolis.  In an attempt to cause Evans to "pull his money out[,]" Shannon asked him if "he wanted to buy some weed and he's like, 'Nah.'"  Tr. p. 83.  At that point, Scott ran toward Evans and hit him in the head with a pistol.  While Shannon rifled Evans's pockets, Scott choked him.  Shannon found and stole a pocketknife, a "do-rag[,]" and a mobile telephone, which telephone was later sold for $30.  Tr. p. 85.  On January 3, 2011, the State charged Scott with Class B felony robbery.

Prior to trial, the following exchange took place:

THE COURT:  Just for my curiosity, Mr. Baldwin, what was the last offer that was extended to the Defense?
MR. BALDWIN:  The Defendant had an offer of the minimum of six years on the Robbery and we had agreed to dismiss the D felony Theft [from another cause number], which is mandatory … would be mandatory consecutive time.
THE COURT:  Mr. Scott, was this offer relayed to you by your attorney?
MR. SCOTT:  Yes, sir.
THE COURT:  I want to make sure you understand what you are risking by going to trial today.
MR. SCOTT:  (indiscernible)
THE COURT:  Now I don't know much about the case.  I don't know what evidence the State has, although I may ask them in a minute.  But I do

---

[1]  Ind. Code § 35-42-5-1 (2010).

know that given what you are charged with, if you go to trial today and are convicted, your minimum will be six years executed. I cannot suspend that and just give you probation or lesser executed time. You have to do six years. Do you understand that?

MR. SCOTT: Yes, sir.

THE COURT: The advisory sentence for this crime is ten. There are things that I can look at that might allow me to increase it up to twenty. There are also things I can look at that might reduce it. One of the things that I look at in reducing a sentence is if a Defendant has pled guilty and accepted the responsibility of what they have done and avoided the cost and necessity of a trial. Obviously, if you go to trial today and are convicted, that mitigator is not available to me. Do you understand this?

MR. SCOTT: Yes, sir.

THE COURT: I do get to look at your entire criminal history in determining an appropriate sentence. I don't know what you've got but I can go back and look at your juvenile record and take that into consideration. Do you understand this?

MR. SCOTT: Yes, sir.

THE COURT: Another thing you need to understand is with this offer your other case is dismissed too. If you go to trial on both, Mr. Baldwin tells me these are mandatorily consecutive, meaning the sentence on this case has to run back to back with any sentence on your other case. So with a conviction on the B felony and a conviction on the D, you are potentially looking at twenty-three years in the Department of Correction. And, again, I don't know what evidence they have and what they don't. This is when you need to listen very closely to what your attorney has to say because he knows the evidence and knows whether or not the State can win this case. Just as a cautionary tale I want to tell you what happened on the last trial I had last month. The Defendant was charged with a Class A felony offense carrying twenty to fifty years in the Department of Correction. It was a sex offense case and the prosecution did not want to have to force this victim to go through testimony because of how emotionally damaging it would be. They offered a plea to a lesser offense with three years executed. That Defendant would have been out in about a year. He rejected the offer, after we had this conversation, and he went to trial. He was convicted and I gave him forty years. Now how long have you been sitting in jail?

MR. SCOTT: Since June 3rd.

THE COURT: Of this year?

MR. SCOTT: Yes, sir.

THE COURT: All of that time counts against your sentence. So a six year sentence for you is actually three minus the time you have been up here, which is a little over a month, a month and a half. Was that explained to you?

3

MR. SCOTT:  No, sir.

THE COURT:  Okay.  So understand, if you want this offer you would be out in less than three years.  Now I'm sure that Mr. Grove will ask that part of this sentence be served somewhere besides prison and that is something that I can look at.  I can't guarantee that that is what I will do but I will give it serious consideration.  If you are a first timer, if you don't have much of a history, what I do in situations like that, I will often start a guy out at DOC and then we either modify you out or at the end of your sentence you will go through what is called Community Transition Placement.  And if you have kept a clear conduct record then we can transition you out so your full time is not in DOC.  So do you understand what your options are?

MR. SCOTT:  Yes, sir.

THE COURT:  You can take the six now or you can roll the dice and potentially get up to twenty today if you lose.  Do you understand that?

MR. SCOTT:  Yes, sir.

THE COURT:  Would you like additional time to talk to your lawyer in private about your options?

MR. SCOTT:  No, sir.

THE COURT:  What do you want to do?

MR. SCOTT:  Really I would just like to continue with the trial because I feel like I'm innocent.  I didn't do anything.

THE COURT:  Okay.  This isn't an attempt to persuade you from that position.

Tr. pp. 3-7.

After the State briefly outlined its evidence, the trial court asked defense counsel, "So without violating any confidential communication, you would state that if Mr. Scott does go to trial this morning, it's against the advice of counsel?"  Tr. p. 9.  Defense counsel responded, "I have advised him that the… Yes.  That is true.  Yes."  Tr. p. 9.  After consulting with defense counsel, Scott then indicated that he wished to plead guilty.  Scott, however, declined to accept as true the factual basis presented by defense counsel, and the trial court refused to accept his plea.

A jury found Scott guilty as charged.  On August 3, 2011, the trial court sentenced Scott to eight years of incarceration.  The trial court found Scott's arrest and charge for

theft while on pretrial release for the instant case to be aggravating. The trial court found Scott's age and lack of adult or juvenile record to be mitigating.

## DISCUSSION AND DECISION

### Whether the Trial Court Vindictively Sentenced Scott

Under our current sentencing scheme, "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2008). We review the sentence for an abuse of discretion. *Id*. An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Id*.

Scott argues that the trial court imposed a harsher sentence on him as a punishment for exercising his right to trial by jury. As an initial matter, Scott concedes that he did not object to his sentence on this basis below. As such, Scott has waived the claim for appellate consideration. The purpose of the contemporaneous objection rule is to promote a fair trial by preventing a party from sitting idly by and appearing to assent to an offer of evidence or ruling by the court only to cry foul when the outcome goes against him. *Purifoy v. State*, 821 N.E.2d 409, 412 (Ind. Ct. App. 2005), *trans. denied* (citation omitted).

Scott, however, attempts to avoid the effect of his waiver by contending that his sentence is the result of fundamental error. Fundamental error is "error so egregious that reversal of a criminal conviction is required even if no objection to the error is registered at trial." *Hopkins v. State*, 782 N.E.2d 988, 991 (Ind. 2003). The standard for

fundamental error is whether the error was so prejudicial to the rights of the defendant that a fair trial was impossible. *Krumm v. State*, 793 N.E.2d 1170, 1181-82 (Ind. Ct. App. 2003). Fundamental error requires prejudice to the defendant. *Hopkins*, 782 N.E.2d at 991.

The Indiana Supreme Court has held that "while leniency in sentencing is constitutionally permissible as an incentive for an otherwise proper plea of guilty, a more severe sentence may not be imposed upon a defendant because he foregoes the opportunity to plead guilty and exercises his right to trial by jury." *Hill v. State*, 499 N.E.2d 1103, 1107 (Ind. 1986). The *Hill* court also held that answering the question of whether a particular sentence represented an improper punishment for insisting on a jury trial "requires an individualized consideration." *Id*. The *Hill* court also mentioned three circumstances that might raise an inference of vindictive sentencing: a trial court's involvement in the plea negotiations, encouragement to plead guilty, or threat to sentence more severely if defendant is convicted following jury trial. *Id*. These circumstances do not appear to be an exhaustive list, and the question ultimately is whether "anything in the record indicat[es] that the defendant's decision to proceed with jury trial affected the severity of the sentence ultimately imposed." *Id*.

We find no indication in the record that Scott's sentence represents a punishment for insisting on a trial by jury. Moreover, we think it is worth noting that the eight-year sentence Scott received is only two years longer than the mandatory minimum six years he would have received had he pled guilty and that the trial court properly cited, as an aggravating circumstance, Scott's arrest for theft while on pretrial release. Had the trial

6

court intended to punish Scott for going to trial, it seems almost certain that the sentence would have been considerably more harsh.

That said, we wish to express our view that the trial court's dissertation, while undoubtedly well-meaning, strikes us as ill-advised. It is one thing for defense counsel to tell a defendant where he stands; it is another thing for the same information to come from the person who determines the defendant's sentence if he is convicted at trial. Had the trial court's dissertation been slightly different in tone or content, or had a more severe sentence been imposed, we think that a credible argument could have been made that it amounted to a veiled threat of punishment for going to trial. Again, while we do not believe that the trial court's intentions were at all blameworthy, we suggest that, absent a request from defense counsel, refraining from or taking a more restrained approach to advising defendants about such matters would be prudent. Under the facts of this case, however, Scott has failed to establish that the trial court committed fundamental error or that it sentenced him more harshly as a punishment for proceeding to trial.[2]

The judgment of the trial court is affirmed.

KIRSCH, J., and BARNES, J., concur.

---

[2] Scott also contends that his eight-year sentence in inappropriately harsh. We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Scott, however, mentions neither the nature of his offense nor his character, essentially restating his argument that the trial court vindictively sentenced him. As such, we need not separately address this argument.