## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 27 2016, 7:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANTS | ATTORNEY FOR APPELLEE |
|---|---|
| F. Harrison Green<br>Cincinnati, Ohio | Pamela A. Paige<br>Plunkett Cooney, P.C.<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| The Lewallen Revocable Trust, et al.,<br><br>*Appellants-Defendants,*<br><br>v.<br><br>Fifth Third Mortgage Company,<br><br>*Appellee-Plaintiff.* | May 27, 2016<br><br>Court of Appeals Case No.<br>15A01-1511-MF-2049<br><br>Appeal from the Dearborn Circuit Court<br><br>The Honorable James D. Humphrey, Judge<br><br>Trial Court Cause No.<br>15C01-1102-MF-38 |

**Najam, Judge.**

## Statement of the Case

Randall Lewallen[1] ("Randall") appeals the trial court's "Post-Appeal *In Rem* Judgment Entry and Decree of Foreclosure" granting Fifth Third Mortgage Company ("Fifth Third") a decree of foreclosure on Randall's one-half interest in the Lewallen Revocable Trust ("Trust") property. On appeal, Randall raises three issues, which we consolidate and restate as follows: whether the law of the case doctrine precludes the trial court's post-appeal order.

We reverse.

## Facts and Procedural History

On June 28, 2004, Hugh Lewallen ("Hugh") and Kay Lewallen ("Kay") created the Trust for the benefit of their son Randall, and Kay was appointed as the Trustee. On November 5, Hugh and Kay deeded their residence and real property ("the Property") to the Trust. A few weeks later, Kay, as Trustee, took a $50,000 mortgage out on the Property with Fifth Third Bank.[2] On December 21, Kay, as Trustee, deeded a life estate in the Property to herself and Hugh, and she quitclaimed one-half of the remainder interest in the Property to the Trust and one-half of the remainder interest to Randall. Thus, Hugh and Kay

---

[1] Both the Lewallen Revocable Trust ("Trust") and Randall as an individual are listed as parties, but only Randall appeals since it is only his one-half interest in the property that is at issue.

[2] The Trust Agreement granted the Trustee the right to borrow and secure payments of loans by pledging or mortgaging the Property in the Trust.

had a life estate in the Property, the Trust had a one-half interest in the remainder, and Randall had the other one-half interest in the remainder.

[4] On July 21, 2005, Kay, as Trustee, refinanced the $50,000 mortgage by executing and delivering a $100,000 Note (the "Note") to Fifth Third, and she executed and delivered a mortgage on the Property to Fifth Third as security for the Note. Neither Randall nor Hugh nor Kay, as an individual, signed the mortgage. However, at some point after the July 21 closing, Hugh and Kay, as individuals, signed the mortgage, and someone[3] signed Randall's name to the mortgage. Randall never signed the Note or the mortgage, which was re-recorded on October 21, 2005.

[5] Hugh and Kay died in 2010. At that point, one-half of the fee simple interest in the Property vested in the Trust, and the other half vested in Randall. However, under the terms of the Trust Agreement, the Trust's one-half interest was bequeathed to Randall such that, following his parents' deaths, he was both the Trustee and the sole beneficiary of the Trust.

[6] On January 17, 2011, Fifth Third mailed notice of default on the mortgage to Hugh and Kay's address and, on February 24, initiated foreclosure proceedings on the Property. Randall filed an answer and counter-claim alleging that Fifth Third had altered the mortgage by forging Randall's signature, thereby voiding the mortgage as to him. It was uncontested that the proceeds received by Kay

_____

[3] There is no evidence of who signed Randall's name to the mortgage.

under the $100,000 Note were used to satisfy the original $50,000 Note and mortgage and to pay down over $20,000 in unsecured debts owed by Hugh and Kay. The balance of the $100,000, or $27,160.72, was deposited into Randall's bank account. In its foreclosure action, Fifth Third claimed that it was entitled to foreclose on the entire Property, including Randall's one-half interest, as the priority mortgage-holder under the doctrine of equitable subrogation. It did not contest that Randall never signed the Note or mortgage, but it claimed he was estopped from claiming an unburdened interest in the Property.

[7] On August 26, 2014, the trial court entered an order: (1) granting Fifth Third *in rem* judgment for the amount due on the Note, interest, late charges, fees, escrow balance, post-judgment interest, and other costs; (2) allowing Fifth Third to foreclose on the Trust's one-half interest in the Property; (3) ordering the Sheriff to sell that interest; (4) allowing Fifth Third to "foreclose the first $27,160 of sheriff's sale proceeds as to [Randall's] one-half interest" in the Property because Randall was estopped from benefiting from the loan proceeds underlying the $100,000 Note and mortgage; (5) and denying Randall's counter-claims. Amended Appellant's App. at 265.

[8] As an individual and as the Trustee, Randall timely appealed and, in *Lewallen Revocable Trust v. Fifth Third Mortgage Co.*, No. 15A01-1409-MF-396, 2015 WL 3500462 (Ind. Ct. App. June 2, 2015), another panel of this court affirmed the trial court's order as to the Trust's one-half interest in the Property but reversed the trial court's order as to Randall's one-half interest. As to the latter, we held that Fifth Third was not entitled to invoke the equitable defense of estoppel

because it had notice of Randall's interest in the Property from the recorded quitclaim deed. *Id.* at *6. We also held that, in the absence of culpable negligence, Fifth Third was entitled under the doctrine of equitable subrogation to the priority position of the first mortgage-holder as to the $50,000 mortgage because Fifth Third had refinanced that mortgage. *Id.* at *7-8. However, that was not the end of our inquiry or our opinion. We then addressed alteration of the mortgage document and held that, because Randall's name and signature were added to the mortgage without his consent or knowledge, the mortgage with respect to Randall's one-half interest in the Property was void based on the material alteration—Randall's forged signature—of the mortgage document. *Id.* at *9. Thus, we reversed the trial court's decree of foreclosure with respect to Randall's one-half interest in the property.

[9] Although we did not remand this case for further proceedings, on October 7, 2015, following certification of our decision, Fifth Third filed with the trial court a "Motion for Entry of Post-Appeal Judgment Entry and Decree of Foreclosure." Amended Appellant's App. at 12. On November 5, without any further evidence or proceedings, the trial court issued its "Post-Appeal *In Rem* Judgment Entry and Decree of Foreclosure" that, notwithstanding this court's prior decision, granted Fifth Third a decree of foreclose on Randall's one-half interest in the Property "pursuant to the doctrine of equitable subrogation for

the first $50,781.05 of the sheriff's sale proceeds." Amended Appellant's App. at 311. This appeal ensued.[4]

## Discussion and Decision

[10] The trial court's post-appeal order is barred by the "law of the case" doctrine, under which an appellate court determination of a legal issue is binding on the trial court and on the court of appeals in any subsequent appeal in the same case and involving substantially the same facts. *Hopkins v. State*, 782 N.E.2d 988, 990 (Ind. 2003). Every issue raised in this appeal was already decided by this court's previous decision. *Lewallen*, 2015 WL 3500462. The panel in *Lewallen* clearly and specifically held that, although Fifth Third did have the priority position under the mortgage pursuant to the doctrine of equitable subrogation, Fifth Third could not foreclose on Randall's one-half interest in the Property because the mortgage with respect to his interest was void due to the material alteration of the mortgage document—i.e., the forgery of Randall's signature. *Id*. at *8.

[11] It is true that "when new facts are elicited on remand which materially affect the questions at issue, the trial court may apply the law to the new facts." *Estate of Martin by Martin v. Consolidated Rail Corp.*, 667 N.E.2d 219, 220 (Ind. Ct. App. 1996); *see also Am. Fam. Mut. Ins. Co. v. Federated Mut. Ins. Co.*, 800 N.E.2d 1015,

---

[4] Randall did not in the previous appeal, and does not in this appeal, challenge the trial court's order in favor of Fifth Third on his counter-claims.

1021 (Ind. Ct. App. 2004) (noting that we apply the law of the case doctrine unless "the evidence after remand was in accordance with our instructions or did not alter a matter that had already been finally determined."). Here, in the first appeal, we decided the issues raised in this case, and no additional facts or evidence were elicited after we issued our memorandum decision.

[12] We (once again) reverse the trial court's order granting Fifth Third a decree of foreclosure on Randall's one-half interest in the Property, and we remand to the trial court with instructions to enter judgment in favor of Randall as to his one-half interest in the Property.

[13] Reversed.

Robb, J., and Crone, J., concur.