



FILED

Oct 18 2019, 12:15 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 31S00-1703-LW-134

## Kevin Andrew Schuler
*Appellant (Defendant),*

—v—

## State of Indiana
*Appellee (Plaintiff).*

Decided: October 18, 2019

Appeal from the Harrison Superior Court, No. 31D01-1308-MR-508
The Honorable Vicki L. Carmichael, Special Judge
On Direct Appeal

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

After remand in *Schuler v. State*, 112 N.E.3d 180 (Ind. 2018), the trial court entered a revised order sentencing Kevin Andrew Schuler to life imprisonment without parole ("LWOP") for his conviction for murder and to sixty-five years for felony murder. Schuler appeals the revised order and argues the LWOP sentence must be vacated because the trial court impermissibly relied on non-statutory aggravating circumstances. Finding no error, we affirm.

# Facts and Procedural History

The facts are set out in greater detail in *Schuler*. Briefly stated, the evidence showed Schuler and Austin Scott broke into the home that Asenath Arnold shared with Gary Henderson, Scott fatally stabbed Henderson, and Schuler intentionally killed Arnold during a burglary of the home. Specifically,

> Schuler punched Arnold and she stumbled back to her bed. Schuler then took the singletree [a wooden bar normally used to hold horses together] and struck Arnold on top of her head. Arnold prayed and pleaded with Schuler for her life. According to Scott, Schuler swung the singletree with two hands "like a sledgehammer," striking Arnold at least twice and as many as four times.

*Id.* at 184 (quoting St. Ex. 30-4 at 47:53-52:00). Although Scott stabbed Arnold in the face, Schuler would later tell police, "I'm almost positive I killed her." *Id*. (quoting Tr. Vol. 2 at 250). Arnold's head was significantly disfigured in the attack, and an autopsy revealed Arnold died from multiple blunt force injuries and sharp force injuries to the head. *Id*.

Schuler pled guilty to Count 1, the murder of Arnold, and Count 2, the felony murder of Henderson, and in exchange the State agreed to dismiss its request for the death penalty and instead to request LWOP. The parties agreed the court alone would determine whether to impose LWOP or a

term of years. *Id.* at 185. After a hearing, the court orally stated its reasons for sentencing Schuler to LWOP on Count 1 and sixty-five years on Count 2 to be served consecutively. *Id.*

Schuler raised four issues in his first appeal. We affirmed on the first three issues but on the fourth remanded for a clearer sentencing statement that satisfies *Harrison v. State*, 644 N.E.2d 1243 (Ind. 1995). On remand, the trial court issued a revised order sentencing Schuler to LWOP on Count 1 and sixty-five years on Count 2. Schuler appeals the revised order.

## Discussion and Decision

This Court reviews a sentencing order for an abuse of discretion. *Schuler*, 112 N.E.3d at 190. An abuse occurs only if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Rice v. State*, 6 N.E.3d 940, 943 (Ind. 2014). An abuse of discretion occurs if, among other things, the reasons given by the sentencing court are improper as a matter of law. *Schuler*, 112 N.E.3d at 190. This Court presumes that a court that conducts a sentencing hearing renders its decision solely on the basis of relevant and probative evidence. *Id.* at 189.

Indiana's statute requires only one listed aggravating circumstance for imposition of an LWOP sentence. *See* Ind. Code § 35-50-2-9(a). But in determining whether to impose LWOP, the trial court must limit the aggravating circumstances eligible for consideration to those specified in the statute. *Schuler*, 112 N.E.3d at 191. The court may not consider non-statutory aggravating circumstances when imposing LWOP. *Holsinger v. State*, 750 N.E.2d 354, 362 (Ind. 2001).

Schuler acknowledges the trial court "did properly find and consider the charged statutory aggravator," Appellant's Supp. Br. at 5, the intentional killing of Arnold during a burglary. But he argues the court erred by also considering the following as non-statutory aggravating circumstances: (1) the Presentence Investigation Report's risk assessment, (2) that Schuler's "participation in this crime was not minor," (3) that "two

innocent victims were killed," and (4) that "there is no excuse or justification for those killings[.]" Revised Sentencing Order.

The revised order clearly states, "The aggravating factor the Court relies on in sentencing the Defendant is the intentional killing of Asenath Arnold while committing a Burglary." It adds that "the aggravating factor significantly outweighs the only mitigating factor in this case," Schuler's lack of a significant criminal history. The court's repeated use of "aggravating factor" (singular) indicates it relied on only one aggravating circumstance—the one Schuler acknowledges the court properly considered. And nothing in the revised order shows otherwise.

In Schuler's first appeal we rejected his argument that the trial court abused its discretion by considering the risk assessment and treating it as an aggravating circumstance. *Schuler*, 112 N.E.3d at 189. That holding is the law of the case, and Schuler identifies no extraordinary circumstances warranting a different result here. *See Hopkins v. State*, 782 N.E.2d 988, 990 (Ind. 2003).

The trial court did not find a non-statutory aggravator by noting Schuler's "participation in this crime was not minor." That language could explain either how the court weighed the intentional-killing aggravator or why the court was not finding as a mitigating circumstance that "[t]he defendant was an accomplice in a murder committed by another person, and the defendant's participation was relatively minor." I.C. § 35-50-2-9(c)(4); *accord Wisehart v. State*, 693 N.E.2d 23, 60 n.61 (Ind. 1998) ("[T]he trial court did consider all the mitigation evidence presented by Wisehart, but found none of the circumstances to be mitigating," where trial court had found, among other things, that "the defendant's participation was not minor."), *reh'g denied*. Finding that Schuler's participation was "not minor" was particularly appropriate after Schuler's counsel argued at the sentencing that Schuler did not intentionally kill Arnold and that Scott was charismatic and manipulative, was more culpable than he admitted to police, and tried to shift blame away from himself and onto Schuler. (Tr. Vol. 7 at 133-40.)

Finally, there is no error in the revised order's statement that "two innocent victims were killed, and there is no excuse or justification for

those killings[.]" Because the court was also imposing a term of years for the felony murder of Henderson, reference to the number of victims was appropriate. *See Pittman v. State*, 885 N.E.2d 1246, 1259 (Ind. 2008) ("Consecutive sentences reflect the significance of multiple victims."); *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011) (same), *trans. denied*. Moreover, the statute includes as mitigating circumstances, among others, that the victim was a participant in the defendant's conduct and "[a]ny other circumstances appropriate for consideration." I.C. § 35-50-2-9(c). The references to "innocence" and lack of "excuse or justification" simply underscore that the court found no mitigating circumstance other than Schuler's lack of a significant criminal history.

Concluding the revised order does not rely on non-statutory aggravating circumstances to impose LWOP, we affirm.

All Justices concur.

ATTORNEYS FOR APPELLANT
Brent Westerfeld
Indianapolis, Indiana

Andrew J. Borland
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Andrew A. Kobe
Deputy Attorney General

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana